IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01672-BNB

PETER WOODRUFF,

Applicant,

v.

RON WILEY, Warden, Federal Prison Camp, Florence,

Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 2 8 2009

GREGORY C. LANGHAM
CLERK

---

ORDER DENYING MOTION FOR RECUSAL

---

On July 22, 2009, Applicant, Peter Woodruff, filed a pleading titled, "Notice of Opposition & Protest to the Assignment of This Case to a Magistrate Judge and to Judge Zita L. Weinshienk due to Prejudice and Bias." In the Notice of Opposition and Protest, Mr. Woodruff, pursuant to D.C.COLO.LCivR 72.2, seeks to disqualify me and any other magistrate judge from presiding over any review in the instant action. Mr. Woodruff states in support of his Notice of Opposition and Protest that he has not submitted any written notices to the Court giving consent to a magistrate judge to preside over the matters in accord with D.C.COLO.LCivR 72.2(C) and (D). To the extent that Mr. Woodruff is asserting that I am prejudiced and biased, the Notice is construed as a Motion for Recusal filed pursuant to 28 U.S.C. § 455(a). The Motion for Recusal, as it pertains to me, is denied because Mr. Woodruff fails to assert an appropriate legal basis for my recusal in the instant action.

Consideration for disqualifying magistrate judges is regulated by 28 U.S.C. § 455(a). Section 455(a) states that "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might

reasonably be questioned."  The general purpose of § 455(a) is "to promote public confidence in the integrity of the judicial process" and to avoid even the "appearance of impropriety."  *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988). "[W]hat matters is not the reality of bias or prejudice but its appearance."  *Liteky v. United States*, 510 U.S. 540, 548 (1994).  Under § 455(a), "a judge has a continuing duty to recuse before, during, or, in some circumstances, after a proceeding, if the judge concludes that sufficient factual grounds exist to cause an objective observer reasonably to question the judge's impartiality."  *United States v. Cooley*, 1 F.3d 985, 992 (10th Cir. 1993).  "The decision to recuse is committed to the sound discretion of the district court."  *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992) (citation omitted).

"The provisions of 28 U.S.C. § 455(a) do not command automatic disqualification of a judge, to the contrary, it is the duty of the judge who is allegedly biased to pass on the sufficiency of the allegations."  *See David v. City & County of Denver*, 837 F. Supp. 1094, 1095 (D. Colo. 1993).  A judge has an obligation not to disqualify himself unnecessarily.  *See Cooley*, 1 F.3d at 994; *David*, 837 F. Supp. at 1095.  A judge is obligated not to recuse when there is no occasion for him to do, just as he is obligated to recuse when there is occasion to do so.  *See Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995); *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987).  If, however, whether § 455(a) requires disqualification is a close question, the balance tips in favor of recusal.  *See Nichols*, 71 F.3d at 352.

Under § 455(a), the judge's actual state of mind, purity of heart, incorruptibility, or lack of partiality are not the issue; rather, the issue is whether a reasonable person,

2

knowing all of the relevant facts, would harbor doubts about the judge's impartiality. *Id.* at 351; *Cooley*, 1 F.3d at 993. The standard is purely objective and the inquiry is limited to outward manifestations and reasonable inferences drawn therefrom. *See Nichols*, 71 F.3d at 351; *Cooley*, 1 F.3d at 993.

In applying the objective test, "the initial inquiry is whether a reasonable *factual* basis exists for calling the judge's impartiality into question." *Cooley*, 1 F.3d at 993. Application of § 455(a) necessarily includes emphasis on whether a judge's impartiality might "reasonably" be questioned. *Id.* Section 455(a) is not to be construed so broadly that recusal would be mandated "upon the merest unsubstantiated suggestion of personal bias or prejudice." *Franks v. Nimmo*, 796 F.2d 1230, 1235 (10th Cir. 1986) (citing *United States v. Hines*, 696 F.2d 722, 729 (10th Cir. 1982)). Section 455(a) should not be read to warrant the transformation of a litigant's fear that a judge may decide a question against him into a "reasonable fear" that the judge will not be impartial. *See Cooley*, 1 F.3d at 993. The statute is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice. *See Nichols*, 71 F.3d at 351; *Cooley*, 1 F.3d at 993.

Mr. Woodruff's reasons for recusal are vague and conclusory and do not satisfy the objective standard for disqualification required pursuant to § 455(a). Therefore, Mr. Woodruff's request that I recuse myself is denied. As for Mr. Woodruff's claim of prejudice and bias against Judge Zita L. Weinshienk, the claim is not addressed at this time because Judge Weinshienk currently is not assigned to this case.

With respect to Mr. Woodruff's claim that the instant action is improperly before me pursuant to D.C.COLO.LCivR 72.2, because he must give consent for a magistrate

3

judge to preside over the matters in the instant action and he has not given such

consent, the claim is without merit.  Under D.C.COLO.LCivR 72.1, this Court has

designated to a magistrate judge the authority to "make determinations and enter

appropriate orders pursuant to 28 U.S.C. § 1915 with respect to any suit, action, or

proceedings in which a request is made to proceed *in forma pauperis*."  Therefore, I

have proper authority to preside over the initial review of Mr. Woodruff's Application.

Accordingly, it is

ORDERED that Mr. Woodruff's Notice of Opposition and Protest (Doc. # 10),

filed July 22, 2009, is construed in part as a Motion for Recusal filed pursuant to 28

U.S.C.§ 455(a), and is denied insofar as it seeks my recusal.  It is

FURTHER ORDERED that the instant action is properly before me under

D.C.COLO.LCivR 72.1.

DATED July 28, 2009, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 09-cv-01672-BNB

Peter Woodruff
Reg No. 11121-081
Federal Prison Camp
P.O. Box 5000
Florence, CO 81226

     I hereby certify that I have mailed a copy of the **ORDER** to the above-named
individuals on ___7/28/09___

GREGORY C. LANGHAM, CLERK

By: _____
         Deputy Clerk