IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01672-BNB

**F I L E D**
UNITED STATES DISTRICT COURT
DENVER, COLOR···

PETER WOODRUFF,

SEP 2 4 2009

      Applicant,

GREGORY C. LANGHAM
CLERK

v.

RON WILEY, Warden, Federal Prison Camp, Florence,

      Respondent.

---

## ORDER OF DISMISSAL

Applicant Peter Woodruff is a prisoner in the custody of the United States

Bureau of Prisons (BOP) at the Federal Prison Camp (FPC) in Florence, Colorado.  Mr.

Woodruff initiated this action by filing a ***pro se*** Application for a Writ of Habeas Corpus

Pursuant to 28 U.S.C. § 2241.  In an order entered on July 20, 2009, Magistrate Judge

Boyd N. Boland directed Respondent to file a Preliminary Response limited to

addressing the affirmative defense of exhaustion of administrative remedies if

Respondent intends to raise that affirmative defense in this action.  On August 4, 2009,

Respondent filed a Preliminary Response to Application for Writ of Habeas Corpus.  On

August 13, 2009, Mr. Woodruff filed a Reply to the Preliminary Response.

Mr. Woodruff, on July 22, 2009, also filed a "Notice of Opposition & Protest to

the Assignment of This Case to a Magistrate Judge and to Judge Zita L. Weinshienk

Due to Prejudice and Bias," in which he asserts that Magistrate Judge Boland and the Court are biased against him.  Mr. Woodruff bases this assertion on the Court's dismissal of a number of habeas corpus applications filed by federal prisoners, allegedly without consideration of the facts.  The Court will construe the Notice of Opposition and Protest as a Motion to Recuse pursuant to 28 U.S.C. §§ 144 and 455.

Title 28 U.S.C. § 144 provides a procedure whereby a party to a proceeding may request the judge before whom the matter is pending to recuse himself or herself based upon personal bias or prejudice either against the moving party or in favor of any adverse party.  Section 144 requires the moving party to submit a timely and sufficient affidavit of personal bias and prejudice.  *See Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997).  "The affidavit must state with required particularity the identifying facts of time, place, persons, occasion, and circumstances."  *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987).  Although the Court must accept the facts alleged in the supporting affidavit under § 144 as true, the affidavit is construed strictly against the moving party.  *See Glass v. Pfeffer*, 849 F.2d 1261, 1267 (10th Cir. 1988).  The moving party has a substantial burden "to demonstrate that the judge is not impartial."  *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992).

Title 28 U.S.C. § 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  The goal of this provision is to avoid even the appearance of partiality.  *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988).  Pursuant to § 455, the Court is not required to accept all factual allegations as true "and the test is whether a reasonable

2

person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Glass*, 849 F.2d at 1268 (internal quotation marks omitted). The standard is completely objective and the inquiry is limited to outward manifestations and reasonable inferences drawn therefrom. *See United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993).

Mr. Woodruff's allegation that the Court is biased against him simply because the Court has dismissed other habeas corpus actions filed by federal prisoners is not sufficient to demonstrate that disqualification is appropriate pursuant to either § 144 or § 455(a). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). The Motion to Recuse, therefore, will be denied.

The Court must construe the Application and other documents filed by Mr. Woodruff liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the action will be dismissed.

In Claim One, Mr. Woodruff asserts that prison officials at the FPC categorically are denying the review and transfer of eligible "non pre-release" inmates to Community Corrections Centers (CCCs) in violation of 18 U.S.C. § 3621(b). (Application at 3a.) According to Mr. Woodruff, inmates with more than twelve months of their sentences remaining to be served may be placed in a CCC. In Claim Two, Mr. Woodruff asserts that prison officials at the FPC categorically are denying eligible "pre-release inmates,"

3

as well as any other inmate, more than six months in a Residential Re-entry Center (RRC) in violation of 18 U.S.C. § 3624(b),(c), and (e)(2)(B), and 42 U.S.C. § 17541(a)(2)(A) and (c)(2). (Application at 3a.) Mr. Woodruff describes a pre-release inmate as an inmate with twelve months or less of his sentence remaining to be served. Mr. Woodruff contends that federal law allows pre-release inmates to be placed in an RRC for up to twelve months.

In Claim Three, Mr. Woodruff asserts that prison officials at the FPC categorically are denying the review and transfer of eligible inmates to CCCs in violation of 18 U.S.C. § 3621(e)(2)(B) and 42 U.S.C. § 17541(a)(2)(A). According to Mr. Woodruff, graduates of the Residential Drug and Alcohol Program (RDAP) are eligible for a twelve-month reduction in their sentence in conjunction with a twelve-month placement at an RRC facility.

Respondent states that Mr. Woodruff's projected release date is May 13, 2014, via good conduct time, which Mr. Woodruff does not contest. Mr. Woodruff does not identify himself in the Application as a pre-release inmate, or as a graduate of the RDAP, nor does he assert that he has requested placement at a CCC or an RRC and has been denied. Mr. Woodruff only asserts that unless the BOP rules are corrected he will not be considered for a transfer to a CCC or an RRC for up to twelve months prior to his release.

Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. *See Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986). Furthermore, the exhaustion requirement is satisfied only through proper use of the available administrative procedures. *See Woodford v. Ngo*, 548 U.S. 81, 90

4

(2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function properly without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91.

The BOP administrative remedy procedure is available to Mr. Woodruff. *See* 28 C.F.R. §§ 542.10–542.19. The administrative remedy procedure allows an inmate to "seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Generally, an inmate first presents an issue of concern informally to prison staff in an attempt to resolve the issue. § 542.13. If an inmate is not able to resolve the issue informally he files a formal administrative remedy request, usually with the warden of the facility where he is incarcerated. § 542.14. If the inmate is not satisfied with the warden's response he may file an appeal with the appropriate regional director, and if he is not satisfied with the regional director's response he may file an appeal with the general counsel. § 542.15. An appeal to the general counsel is the final administrative appeal. *Id.*

According to Respondent, Mr. Woodruff has not filed any administrative remedy requests during his entire BOP incarceration. (Preliminary Resp. at 5.) Mr. Woodruff concedes in the Application that he has not exhausted administrative remedies with respect to the claims he has raised. However, he argues in both his Application and his Reply to Respondent's Preliminary Response that he is not required to exhaust administrative remedies, because he is challenging only the validity of various BOP policies and regulations and not the application of those BOP policies and regulations to his particular circumstances.

"The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). If Mr. Woodruff is not seeking his own release from custody, based on the manner in which the BOP policies and regulations in question have been applied to him, he may not raise his claims in this action. Mr. Woodruff can challenge the BOP policies and regulations in question in this action only if those policies and regulations impact the length of his custody. Construing the Application liberally, the Court finds that Mr. Woodruff is challenging the BOP decisions that allegedly would deny him a transfer to a CCC and pre-release placement in an RRC for more than six months.[1] As a result, the Court finds that he must exhaust administrative remedies before he may pursue those claims in this habeas corpus action.

Mr. Woodruff also asserts in the Application and an accompanying "Notice of Motion for the Court to Take Judicial Notice . . ." (Doc. # 4) that this action should not be dismissed for failure to exhaust administrative remedies because the BOP has predetermined the issue, and exhaustion would be futile. Mr. Woodruff alleges in support of this contention that no inmate at the FPC has been granted an RRC

---

[1] The Court acknowledges it is most likely that Mr. Woodruff is not a pre-release inmate and has not graduated from the RDAP. If this is the case, Mr. Woodruff lacks standing to challenge placement in an RRC based on a pre-release status or as a graduate of the RDAP. Also, according to Respondent, any request Mr. Woodruff may submit regarding a transfer to a halfway house would be considered at his next program review, which is scheduled on November 13, 2009, and would be reviewed under 18 U.S.C. § 3621(b) and the Second Chance Act.

placement longer than six months and that prison officials at the FPC categorically deny inmate requests for transfers to a CCC.

The exhaustion requirement may be waived if exhaustion would be futile. *See Fraley v. U.S. Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir. 1993) (per curiam). "However, the futility exception is quite narrow." *Holman v. Booker*, No. 98-3124, 1998 WL 864018 (10th Cir. Dec. 14, 1998). In the instant action, Mr. Woodruff fails to convince the Court that exhaustion of administrative remedies would be futile.

Mr. Woodruff refers to two BOP memoranda that are attached to Respondent's Preliminary Response as Exhibit Attachment # 3 in support of his futility argument. Both memoranda are addressed to chief executive officers and are signed by two BOP officials, the assistant director of the Correctional Programs Division and the assistant director/general counsel. Mr. Woodruff apparently believes that both memoranda support his contention that the BOP has predetermined the issues he is raising.

The first memorandum, dated November 14, 2008, relates to inmate requests for transfers to CCCs. (Ex., Attach. # 3.)[2] The November 14 "memorandum provides guidance to [BOP] staff for considering and responding to inmate requests for transfer to [   ] RRCs, when more than 12-months remain from their projected release date" and states that "[i]nmates are legally eligible to be placed in an RRC at any time during their prison sentence." (Ex., Attach. # 3.) The November 14 memorandum further states that "inmate requests for RRC placements must receive individualized consideration," but "[a]n RRC placement beyond six months should only occur when there are unusual

---

[2] According to a footnote in the November 14 memorandum, CCCs are synonymous with RRCs. (Ex., Attach. # 3.)

or extraordinary circumstances justifying such placement, and the Regional Director concurs." (Ex., Attach. # 3.)  Nonetheless, the fact that circumstances must be deemed unusual or extraordinary in order to warrant a placement greater than six months does not alter the fact that RRC placements greater than six months are permitted.

The second memorandum, dated April 14, 2008, relates to pre-release RRC placements following the Second Chance Act of 2007.  The April 14 memorandum recognizes that the maximum pre-release RRC placement is twelve months.  While the April 14 memorandum also states that "Bureau experience reflects inmates' prerelease RRC needs can usually be accommodated by a placement of six months or less" (Ex., Attach. # 3), nothing in the April 14 memorandum restricts pre-release RRC placements to a maximum of six months.

Contrary to Mr. Woodruff's belief, these two memoranda do not preclude the relief he seeks from the BOP.  In fact, these two memoranda support Mr. Woodruff's arguments that inmates are eligible to be transferred to an RRC at any time and that the maximum length of a pre-release placement in an RRC is twelve months.  Mr. Woodruff does not identify any official BOP policies that contradict these two memoranda.  Mr. Woodruff's reliance on the memoranda for his futility argument, therefore, lacks merit.

Furthermore, Mr. Woodruff's conclusory assertions that Florence prison officials have not granted any inmate at the FPC an RRC placement longer than six months and categorically deny inmate requests for transfers to an RRC are insufficient to demonstrate exhaustion would be futile. *See Mackey v. Ward*, 128 F. App'x 676, 677 (10th Cir. 2005) ("[C]onclusory allegations that pursuit of administrative remedies would

be futile . . . are insufficient to excuse [a] failure to exhaust."). Even if Florence prison officials categorically are denying eligible pre-release inmates' requests for transfers to an RRC for more than six-months, and the same requests from other inmates who are not pre-release status, those facts alone would not demonstrate that exhaustion of administrative remedies is futile. The BOP administrative remedy procedure includes two levels of review beyond the institution level.

Mr. Woodruff also appears to argue that exhaustion would be futile because the BOP is following regulations that previously were invalidated by a decision of the United States Court of Appeals for the Tenth Circuit. *See Wedelstedt v. Wiley*, 477 F.3d 1160 (10th Cir. 2007). To the extent the futility argument is premised on the Tenth Circuit's decision in *Wedelstedt*, the argument lacks merit because the BOP has adopted new regulations. *See* 73 Fed. Reg. 62,440–43 (Oct. 21, 2008) (publishing interim rule that implements provisions of the Second Chance Act of 2007 and amends 28 C.F.R. §§ 570.20–570-22).

The Court also notes Mr. Woodruff argues that exhaustion is futile because he will not be able to be placed at an RRC for a full twelve months under pre-release conditions. In accordance with the memorandum issued on April 14, 2008, (Ex. Attach. # 3) Mr. Woodruff is able to apply for an RRC pre-release placement seventeen to nineteen months prior to his projected release date. He does not assert, however, that he has sought and been denied pre-release placement or that he even is eligible for pre-release placement. Mr. Woodruff may not exhaust "administrative remedies by, in

9

essence, failing to employ them." *See Jernigan v. Stuchell* , 304 F.3d 1030, 1033 (10th Cir. 2002).

To the extent Mr. Woodruff also argues that exhaustion is futile because he will not serve any of his sentence at an RRC prior to the pre-release time frame of twelve months, Mr. Woodruff has not filed any administrative remedies requests with respect to such a placement.  Furthermore, Mr. Woodruff has over four years remaining to serve on his sentence.  Mr. Woodruff, however, is scheduled for a program review on November 13, 2009, at which time he may request an RRC placement and seek administrative review if he is denied placement.  Again, Mr. Woodruff may not exhaust his administrative remedies simply by failing to employ them.

In conclusion, the Court finds that Mr. Woodruff fails to demonstrate that exhaustion of administrative remedies would be futile or should be excused for some other reason.  Nothing in the Court's file indicates that Mr. Woodruff (1) will not be considered for a transfer to an RRC at the time of his next program review; (2) will not be considered for pre-release placement in an RRC for up to twelve months; or (3) will not be considered for a sentence reduction in conjunction with a maximum RRC placement once he graduates from RDAP.  Therefore, the instant action will be dismissed without prejudice for failure to exhaust administrative remedies. Accordingly, it is

ORDERED that the "Notice of Opposition & Protest to the Assignment of This Case to a Magistrate Judge and to Judge Zita L. Weinshienk Due to Prejudice and Bias" filed on July 22, 2009, which the Court has construed as a Motion to Recuse, is denied insofar as the Motion seeks this Court's recusal.  It is

10

FURTHER ORDERED that the Application is denied and the action is dismissed without prejudice for failure to exhaust administrative remedies.  It is

FURTHER ORDERED that all other pending motions are denied as moot.

DATED at Denver, Colorado, this 23 day of _____ Sept _____, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

### CERTIFICATE OF MAILING

Civil Action No. 09-cv-01672-BNB

Peter Woodruff
Reg No. 11121-081
Federal Prison Camp
P.O. Box 5000
Florence, CO 81226

Lisa A. Christian
Assistant United States Attorney
**DELIVERED ELECTRONICALLY**

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to
the above-named individuals on 9/24/09

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk